GEORGE SMITH v. THE STATE.

No. 2754.   Decided November 12, 1913.

Rehearing denied December 3, 1913.

**1.—Local Option—Evidence—Cross-examination.**

Where, upon cross-examination, defendant asked the State's witness if he did not go to defendant's sister and tell her that he did defendant a wrong, etc., there was no error in permitting the State to have the witness tell what did occur on that occasion.

**2.—Same—Charge of Court—Credibility of Witness.**

Where, upon trial of a violation of the local option law, the defendant introduced witnesses to impeach the prosecuting witness with reference to a statement which he denied making to said witness, there was no error in the court's charge in limiting said testimony to the credibility of the State's witness. Distinguishing Howard v. State, 25 Texas Crim. App., 686.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence sustained the conviction, there was no error.

Appeal from the District Court of Cooke.   Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*A. M. Green,* for appellant.—On question of court's charge on limiting the testimony:   Hickey v. State, 51 Texas Crim. Rep., 230; Cline v. State, 33 id., 482; Howard v. State, 25 Texas Crim. App., 686.

*C. E. Lane,* Assistant Attorney-General, and *Lewis Rogers,* County Attorney, for the State.

HARPER, JUDGE.—Appellant was convicted of illegally selling intoxicating liquors in prohibition territory, and his punishment assessed at one year confinement in the penitentiary.

There is only one bill of exceptions in the record, and it relates to the testimony of Oscar Bennett.   On direct examination Oscar Bennett testified he purchased a half pint of whisky from appellant and paid

him fifty cents for it. On cross-examination appellant asked him if he did not go to the sister of appellant, Ella Smith, and tell her he had done her brother wrong, and if she would give him $10 he would get out of the way. Then on redirect examination 'the State asked the witness, and he was permitted to tell, what did occur on the occasion that he talked with Ella Smith. In this there was no error, appellant having first questioned this witness about the matter, and brought it into the case.

The appellant then introduced the witnesses, Ella Smith and Sam Jones, who testified that the prosecuting witness, Oscar Bennett, did come to Ella Smith and make the statement. The court instructed the jury: "The witnesses Ella Smith and Sam Jones while testifying testified to certain statements claimed by them to have been made by the witness, Oscar Bennett, to the effect in substance that he did not buy any whisky from defendant, and you are charged that this testimony was admitted for the purpose of affecting the credibility of the witness, Oscar Bennett, if in your opinion it does affect his credibility, and for no other purpose." Appellant in his motion complains that the court erred in thus restricting this testimony, and cites us to the case of Howard v. State, 25 Texas Crim. App., 686. The charge criticised in that case is far different from the one given in this case, and the charge as here given is not erroneous.

The only other ground alleges the insufficiency of the evidence. A witness swears positively he purchased whisky from appellant, and while appellant sought to impeach him and by such means cause the jury to give but little, if any, credence to his testimony, yet the jury evidently believed him and not the impeaching witnesses.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied December 3, 1913.—Reporter.]