### CLYDE FAUBIAN v. THE STATE.

#### No. 4924. Decided April 10, 1918.

Rehearing denied May 9, 1918.

**1.—Assault to Murder—Aggravated Assault—Provoking Difficulty.**

Where, upon trial for assault to murder and a conviction for aggravated assault, the facts failed to raise the issue of provoking the difficulty, a charge of the court on that issue is reversible error.

**2.—Same—Self-defense—Charge of Court.**

Where, upon trial of assault to murder and a conviction of aggravated assault, the evidence did not raise the issue of self-defense, the court should not have submitted a charge thereon. Following Lynch v. State, 24 Texas Crim. App., 350, and other cases.

**3.—Same—Conduct of District Attorney.**

Where, upon trial of assault to murder and a conviction of aggravated assault, there was no evidence that defendant had maintained improper relations toward the wife of the party injured or that he was named in a divorce suit, it was improper for the district attorney to ask defendant, on cross-ex-

amination, over his objection, whether he was not named in a divorce petition which the prosecuting witness had· filed, by reason of his familiarity with the prosecutor's wife; especially, where the defendant answered in the negative. Following Darnell v. State, 58 Texas Crim. Rep., 585, and other cases.

#### 4.—Same—Self-defense—Rehearing.

Where the record on appeal showed that the shots fired by defendant were not fired until the party injured had manifestly abandoned any effort to continue the assault upon defendant, or get into a position to renew it, the issue of self-defense is not in ·the case; neither was the issue of provoking the difficulty in the case. Following Bordeaux v. State, 58 Texas Crim. Rep., 61.

#### 5.—Same—Conduct of State's Counsel—Rule Stated.

The right of counsel to make inquiries to ascertain the truth is unquestioned, but his right to ask questions suggesting the existence of facts, which tend to reflect upon the accused when, in truth, the facts do not exist, rests upon a quite different basis and should not be permitted. Following Bullington v. State, 78 Texas Crim. Rep., 187. Besides, the court should have corrected its injurious effect by withdrawing it from the jury on request. Following Wyatt v. State, 58 Texas Crim. Rep., 115.

Appeal from the District Court of McLennan. Tried below before the Hon. J. W. Taylor, Jr., Special Judge.

Appeal from a conviction of aggravated assault; penalty, a fine of four hundred dollars.

The opinion states the case.

*Jno. B. McNamara* and *D. C. Woods,* for appellant.—Cited Coffman v. State, 73 Texas Crim. Rep., 295, 165 S. W. Rep., 939; Corbitt v. State, 72 Texas Crim. Rep., 396, 163 S. W. Rep., 436.

On question of improper conduct of district attorney: Jordan v. State, 137 S. W. Rep., 114; Wright v. State, 140 S. W. Rep., 1105; Lacy v. State, 140 S. W. Rep., 461; Leggett v. State, 68 Texas Crim. Rep., 99, 136 S. W. Rep., 784.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was indicted for assault with intent to murder on one Garrett, convicted of aggravated assault, and his punishment fixed at a fine of $400.

Appellant owed Garrett an account. Garrett had met him some two weeks before the difficulty and demanded payment. On the occasion of the difficulty appellant had started to his place of business with a hammer in his hand and was invited by one of the witnesses to ride to town in his car. The witness told appellant he was going to get gasoline at Garrett's .garage, stopped his car for that purpose and asked appellant to get out so the tank, which was under the seat, might be filled. One of Garrett's employes was attending to the gasoline and Garrett, who was in the rear of the building, came out and began a conversation with appellant about the account, demanding payment in quite peremptory language, and as State's witnesses described it, in a very earnest manner. Appellant said that he had no money to pay the account, and further, that the account was not right, and demanded of Garrett that

he take his hands out of his pockets. Garrett struck appellant a blow on the head with his fist and cut a gash about half an inch long and about one-eighth inch deep, which bled and which appellant says dazed him. About the time the blow was struck appellant drew his pistol— State's witnesses claiming he was drawing at the time he was struck. He made an effort to shoot Garrett, who dodged around the car and appellant was warned by a witness not to shoot Garrett as he was unarmed. Garrett finally ran and was fired at by appellant twice, once after he had got some distance up the street and again after he had gotten into an automobile and started away.

The court charged the jury on assault to murder, aggravated assault, self-defense, adequate cause and provoking the difficulty. We do not think the issue of provoking the difficulty was raised by the evidence. There are several assignments criticising the charge of the court and the special charge given at the request of the State.

At the time the shots were fired Garrett was not only retreating but was doing so hurriedly, and had reached a point some distance from appellant at the time the first shot was fired, and had increased the distance and was fleeing from him in an automobile at the time the second shot was fired.

It is evident from all the testimony, including that of appellant, that at the time the shots were fired deceased was doing no act which, viewed from appellant's standpoint, manifested any intention of doing him harm, and in our opinion the issue of self-defense was not raised. Lynch v. State, 24 Texas Crim. App., 350; Hinton v. State, 24 Texas, 45; Bush v. State, 40 Texas Crim. Rep., 539; Branch's Crim. Law, sec. 462.

It was apparent that appellant was guilty of an assault, the grade and amount of punishment to be determined by the jury.

While appellant was testifying as a witness counsel for the State was permitted, over objection, to ask him if he had not been named in a divorce petition, which the prosecuting witness, Garrett, had filed against his wife, as the co-respondent or cause of said separation by reason of his familiarities and associations with the prosecutor's wife. The appellant answered this question in the negative. It appears from the prosecuting witness' testimony that he had nothing against appellant; that he did not like him, and it seems clear that at the time the difficulty began that appellant's presence at the place was incidental to his riding to town with the witness Mayfield; that the meeting was brought about by Garrett, and that his conduct was aggressive and his language insulting. There was no evidence that appellant had maintained improper relations toward the wife of Garrett, nor was there any evidence that in the divorce proceedings appellant was named. It tended to put appellant in a bad light before the jury, and if the State had been able to prove the fact it would not under the circumstances have been admissible in the absence of some circumstances bringing it to appellant's knowledge. Darnell v. State, 58 Texas Crim. Rep., 585; Daniels v. State, 71 Texas Crim. Rep., 661. The action of the prosecuting attorney in asking the question was prejudicial to the appellant and the court was in error in permitting it, and not instructing the

jury to disregard it. Vick v. State, 71 Texas Crim. Rep., 50; Hodges v. State, 73 Texas Crim. Rep., 378, 166 S. W. Rep., 512; Vernon's C. C. P., p. 395, and cases cited.

While the issue of self-defense was not in the case the fact that the court in the absence of evidence that appellant provoked the difficulty, instructed the jury on that subject, was calculated to indicate to the jury that in the mind of the court there was evidence that appellant was in the wrong from the beginning. This, together with the improper question mentioned above, was prejudicial to the appellant and may have been an element in enhancing the punishment assessed. Because of them we believe the court should have granted a new trial, and his failure to do so will require a reversal of the judgment of the lower court, which is ordered.

*Reversed and remanded.*

RENDERGAST, JUDGE, absent.

### ON REHEARING.

### May 9, 1918.

MORROW, JUDGE.—Responding to the very earnest and carefully prepared motion for rehearing filed by State's counsel, we have re-examined the questions passed upon but are unable to reach the conclusion that a proper disposition of the case was not made. The suggestion by State's counsel that the facts present an issue of self-defense can not be sustained. There is evidence that Garrett assaulted appellant, and evidence that his conduct was such as to justify the conclusion, from appellant's standpoint, that Garrett was about to assault appellant at the time he drew his pistol. The shots were not fired by appellant then, and were not fired until after Garrett had manifestly abandoned any effort to continue the assault upon appellant, or to get into a position to renew it. As presented by the record, that the shots were fired after Garrett had abandoned any assault that he had made, we think, is manifest. Bordeaux v. State, 58 Texas Crim. Rep., 61.

The charge authorizing the jury to pass upon the issue of provoking the difficulty is without support in the facts.

The suggestion that it was permissible for State's counsel to ask appellant if he had not been named by Garrett, the prosecuting witness, in a divorce petition as the cause of the separation between Garrett and his wife on the issue of motive, we think, is not sustained under the facts of the case. Whether appellant had been so named was a fact of which the State's counsel manifestly had knowledge before he asked the question. When he asked appellant if he had not been so named appellant replied in the negative. This reply was accepted without controversy. It, therefore, appears from the record here that appellant had not been so named. The right of counsel to make inquiries to ascertain the truth is unquestioned, but his right to ask questions suggesting the existence of facts which tend to reflect upon the accused, when in truth the facts do not exist, rests upon a quite different basis. Bullington v. State, 78 Texas Crim. Rep., 187. Granting, however, that counsel for

the State was well within his rights in asking the question mentioned, it is clear that the trial court should have corrected, as far as possible, its injurious effect by withdrawing it from the jury on request. Instances of reversals because there was put before the jury suggestions as to the existence of damaging facts by questions are to be found in the cases of Baines v. State, 43 Texas Crim. Rep., 490, and Wyatt v. State, 58 Texas Crim. Rep., 115. Other cases on the subject will be found collated in 2 Vernon's Crim. Stats., p. 906, note 43.

The motion for rehearing is overruled.

*Overruled.*