## MANUEL LEE v. THE STATE.

No. 22882. Delivered June 14, 1944.
Rehearing Denied October 11, 1944.
Request by the State for Leave to File Second Motion for
Rehearing Overruled (without written opinion)
October 25, 1944.

The opinion states the case.

*R. D. L. Killough,* of Vernon, and *Sam J. Dotson,* of Longview, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of murder, and his punishment was assessed at confinement in the state penitentiary for a term of ten years.

The record reflects that the killing occurred sometime between 11:30 and 12:00 P. M., on the 26th day of December, 1943. Immediately preceding the unfortunate occurrence, Buster Sneed, Esther Railback and the appellant were standing near a corner in the town of Vernon talking, when the deceased, Odis Haywood, accompanied by Willie Hearne and Zollie Stewart, drove up in a car near the place where the three were engaged in a conversation. The deceased asked appellant where he had been all day; that he had been looking for him, and remarked: "You know we were supposed to go over in Oklahoma," to which appellant replied: "You are a G-- d--- liar; I have been down here in the flat all day, and you could have sure seen me if you had come down here." The deceased then remarked: "Well, we can do that tomorrow; we haven't anything to do, so we can go tomorrow." About that time a gun was fired. Appellant then walked around to the right-hand side of the car occupied by the deceased and remarked: "I didn't intend to do that. You know I didn't intend to kill Odis. He ain't never done nothing to me." Appellant then shook the deceased and said: "Odis, Odis, answer me." He said to the witness, Willie Hearne: "Get in there, Willie, and drive him to the doctor," or something, "Help me, help me, please help me." He also said: "I sure hate it, that is my best friend."

Appellant testified that he had carried a pistol to town with him on the night in question and had placed it in charge of George Wofford's restaurant; that about 11:30 P. M., when he got ready to go home, he asked Buster Sneed to get the pistol and bring it back to him, which Sneed did; that when Buster Sneed and Esther Railback were standing on the street, he fired one shot into the ground; that soon thereafter the deceased drove up in his car, stopped and inquired of the appellant where he had been all day; that he then walked up to the left-hand side

of the automobile and began to talk to the deceased. While thus engaged, the pistol slipped down his pants' leg, and in an endeavor to get it out of that position and place it in his overcoat pocket, it discharged in some way and accidentally killed the deceased; that he had no intention of killing him.

By Bill of Exception No. 1, it is shown that while Zollie Stewart, a State's witness, was testifying and after he had stated that he was riding in the automobile with the deceased at the time in question and that when they were about fifty or sixty yards from the appellant, another boy and a girl, they heard a shot; that Willie Hearne, one of the occupants of the automobile, said: "Oh, Buster, (referring to the defendant) done shot that girl." Appellant objected to this testimony on the ground that it was hearsay, made out of his presence and hearing, and was prejudicial; and that he could not be bound thereby. Thereupon, the District Attorney withdrew the question and the court instructed the jury not to consider it for any purpose. In view of the fact that the District Attorney withdrew the question and the court's prompt action in instructing the jury not to consider it, we are of the opinion that no reversible error is shown.

Bill of Exception No. 2 shows that while Willie Hearne was testifying in behalf of the appellant, he was asked by the appellant's attorney if, in the manner of their conversation (meaning the conversation between the deceased and the appellant) and the tone of their voices, there was any indication that either of them was mad at the other. The District Attorney objected to the question on the ground that it called for a conclusion of the witness. The court sustained the objection, but if the witness had been permitted to answer the question, he would have answered, "No, sir." The learned trial court, in excluding this evidence, fell into error. See Watson v. State, 52 Tex. Cr. R. 85; Powers v. State, 23 Tex. Cr. App. 42.

Bill No. 3 shows that while Willie Hearne was testifying to his presence at the time the deceased was shot and to the facts immediately preceding the shooting, he was asked on cross-examination by the District Attorney the following question: "Willie, you told us that night or that day that you were talking to us, the day after the shooting, that he (referring to the defendant) was shooting at you, didn't you?"

Appellant objected thereto on the ground that it called for a hearsay statement out of the presence and hearing of the defendant and that the same was prejudicial. The court overruled

the objection and permitted the witness to answer: "They said that." Whereupon the appellant's attorney requested the court to instruct the jury not to consider the same, which request was overruled and the defendant excepted. The answer of the witness clearly shows that third parties made the statement. This brought the answer within the category of hearsay testimony and the same should have been excluded.

Bill of Exception No. 4 shows that after Buster Sneed had testified that early in the evening of the night in question, appellant gave him a pistol with the request that he (Sneed) take it to Big George's place to be put up and that he did so, the District Attorney on cross-examination asked him: "That is the statement you made and signed and swore to, didn't you," to which the witness replied in the affirmative. Thereupon, the District Attorney remarked: "All right, let me read this and see if this is what you said: 'On December 26, 1943, sometime between 5:00 and 6:00 o'clock P. M., I saw Manuel Lee in Brady's Cafe, which cafe is located in the flats. I know that Lee had a gun on. There had been an argument over a crap game at John Bull's, so I understood, and I wanted to get the gun. I wanted to get the gun from him to prevent trouble. Manuel Lee gave me a gun and I took the gun and gave it to Big George'."

Appellant objected to the question on the ground that what the witness said, what his intentions were, or what his opnion or conclusion was or might have been, could not be used against the defendant. What the witness understood as having occurred at John Bull's place was hearsay. Furthermore, the undisclosed motive or intent of the witness could not legally be used as any evidence against the appellant. See Chambers v. State, 46 Tex. Cr. R. 61; Alsup v. State, 129 Tex. Cr. R. 391.

Bill No. 5 shows that while George Wofford, a witness for the defendant, was being cross-examined by the District Attorney and after he had testified that he ran a restaurant on the night in question and that Willie Hearne had left a pistol at his (Wofford's) place of business, he was asked the following question: "And your restaurant is the place where the cutthroats and the killers leave their pistols when they think the law is coming?"

Appellant objected to this question on the ground that the statement of the District Attorney was prejudicial and without any evidence to back it up, which objection was overruled by the court, and the witness was required to answer: "I didn't

say that they do that, because I didn't know that they do that." We think the court erred in overruling the objection.

It occurs to us that Bills of Exception Nos. 3, 4, and 5 reflect reversible error.

We pretermit a discussion of the other questions presented for the reason that they may not arise upon another trial.

For the errors pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The district attorney who prosecuted this case has filed a motion for rehearing, in which he has ably discussed several bills of exception, making the contention that this court was in error in sustaining them. The opinion states the rule as to Bill of Exception No. 2, and cites as authority Powers v. State. This case contains a very able discussion of the rule as summarized by both Wharton and Greenleaf. From these authorities, it is our conclusion that a witness may state such opinion as will amount to a "mere short hand rendering of the facts." The weight of his evidence is a matter for the jury and he is, of course, subject to cross examination by opposing counsel. We find frequent examples of witnesses being permitted to say, "He seemed to be frightened," "He was greatly excited," "He was much confused," "He was agitated," "He was pleased," "He was angry," etc. These emotions are sometimes expressed to the observer by appearance or gesture characteristic of the individual, which gestures and characteristics one may not be able to communicate other than by his own opinion or conclusion. (1 Greenleaf on Evidence, 13 Ed., sec. 440 and note on p. 494; Best on Evidence, 585; Dill v. State, 6 Tex. App. 113; Richardson v. State, 7 Tex. App. 486; Hardin v. State, 8 Tex. App. 653, 658. See also, Commonwealth v. Sturtivant, 117 Mass. 122.)

The question raised is not without its difficulties, but a thorough investigation convinces the writer that the original opinion correctly states the rule, under the facts of the case before us.

We believe the motion indicates a misunderstanding as to the holding relative to Bill of Exception No. Three. It was permissible for the State to ask the question involved, as a basis for impeachment, but the non-responsive answer given was not utilized for that purpose. When this developed, counsel for the defendant then asked that it be withdrawn from the jury, which the learned trial judge declined to do. It therefore appears in the record as primary evidence, purely hearsay in its nature and inadmissible. We are unable to find Butler v. State, said to be in 132 S. W. 233 and relied upon by prosecution. The other authorities cited do not reach the question as we view it.

The same reasoning will apply to Bill of Exception No. Four. Regardless of the purpose and intention which the prosecuting attorney had in mind in framing his question, the result, as reflected by the record, was that indicated in the opinion.

The original opinion does not treat Bills of Exception Nos. Seven and Nine, and we are expressly requested to do so in view of another trial of the case, the district attorney being of the opinion that within the testimony there involved is found the very core of his case. In these two bills, as well as in Nos. Eight and Ten, witnesses were being asked about other and different transactions which might be considered by the jury to prove that, at some time prior to the homicide, appellant had been on a general rampage, engaging in either reprehensible or criminal conduct. We are unable to find that either of these transactions had any connection with the homicide, from the standpoint of time, place, or parties. A proper construction of the language found in Bill No. Seven amounts to a certificate of the trial judge that the evidence was admitted over objection and that "it had nothing to do with this case and that it was prejudicial." It is not necessary to rely upon the certificate of the judge that it contained error, because same is the inevitable construction to be given each of the bills, as approved. Clearly the State could not show the general conduct and criminal acts of appellant at a time prior to nor after the homicide, without connecting them in some way with the offense for which the party was on trial or for the purpose of refuting, in some manner, defensive issues raised by him. Spivey v. State, 171 S. W. (2d) 140.

After further careful consideration of the record before us, in the light of the motion, it is our conclusion that the original opinion correctly disposes of each issue treated, and the State's motion for rehearing is overruled.