WARREN DENNIS SMALLEY V. STATE

No. 33,391.  May 10, 1961

*Fleming, Cotton & Shinaut, Don Lee Cotton,* and *Ronald K. Calhoun,* El Paso, for appellant.

*William E. Clayton,* District Attorney, *Edwin F. Berliner,* First Assistant District Attorney, *Joseph H. Sharpley* and *Oscar G. Galvan,* Assistants District Attorney, El Paso, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is sodomy; the punishment, 15 years.

The eleven-year-old step-daughter of appellant testified that on the night in question her mother was at the hospital having another baby; that appellant, clad in pajamas, told her that her mother had come close to dying and asked her if she wanted her mother to have any more children. She stated she told appellant that no one but God had control over such matters, but appellant stated that it was he who decided the question and then asked her if she wanted to take care of him, explaining that he did not mean taking care of the house or the younger children, and that when she first declined he threatened to take her smaller brothers and sisters away from her. She testified that when she began to cry again appellant instructed her to get a can, suck his privates and spit it into the can; that when she attempted to cover her head so she could not see he refused to let her do so, saying that she should see what a man looked like. She stated that when appellant removed his pajamas there was "an ugly thing sticking up"; that he grabbed her by the neck and forced her head down, with instructions to suck until she got a fluid, which when it arrived tasted "awful sour," and that he then permitted her to go to her bed, warning her never to report what had transpired. She testified that immediately upon appellant's departure the following morning she went next door to the trailer occupied by her aunt, and there reported what had happened; that her aunt gave her a dime and instructed her to call her godmother, which she did; and the police arrived soon thereafter.

Amada Marquez, prosecutrix's aunt, testified that on the morning in question prosecutrix came to her trailer, that she appeared very pale, frightened and on the verge of tears, and she instructed her to call Mrs. Rosch, the girl's godmother.

Mrs. Rosch testified that prosecutrix had lived with her until she was four years old, that she called her on the telephone on the morning in question in a hysterical and very shaky tone of voice, that she in turn called the police, and when she later saw prosecutrix she appeared to be nauseated and terribly distressed.

Appellant, testifying in his own behalf, denied any act of undue familiarity with prosecutrix and related how ill will had grown up between himself and Amada because he had caught

Amada taking food from his trailer and had rebuffed her advances made in the absence of his wife. He testified that he had spoken to a Mr. Cozad, who had something to do with managing the trailer park, told him that he wanted to move his trailer away from Amada because she had made improper advances toward him, and secured consent to do so, but that his wife had refused to move away from her sister.

The witness Cozad corroborated the fact that appellant had spoken to him during the month preceding that named in the indictment about moving his trailer. Appellant also called other reputation witnesses.

The jury resolved the conflict in the evidence against appellant; we find it sufficient to support its verdict and shall discuss the contentions advanced by brief.

Appellant first contends that the court erred in refusing to permit him to prove by the witness Cozad that he had told him he wanted to move his trailer because he was having trouble with his sister-in-law. He argues that such proof would have supported his *belief* that Amada had coached prosecutrix to testify falsely against him because of spite. We have concluded that the rule expressed in the well known case of Trammell v. State, 145 Tex. Cr. Rep. 224, 167 S.W. 2d 171, here finds application. We quote therefrom as follows:

> "Generally speaking, self-serving declarations of one accused of crime are not admissible. They become so, however, when made under certain circumstances, that is, when they constitute a part of the res gestae, or when the State has proved only a part of a conversation or statement in which they were made, or when they contradict or explain an act or declaration first offered in evidence by the State. 18 Tex. Jur. 152."

The record reveals that appellant's conversation with Cozad occurred approximately a month prior to the occasion in question and could not be a part of the res gestae; the state made no proof of this conversation, and the proffered testimony would not explain or contradict an act or declaration first offered in evidence by the state, therefore does not come within the rule set forth above and was not admissible.

It should be borne in mind that there is no evidence in this record which would indicate that prosecutrix had been coached by anyone to give false testimony.

Appellant next contends that prosecutrix was shown to be an accomplice witness as a matter of law and that the court should have for this reason granted an instructed verdict. The careful trial court charged the jury to acquit if they found that prosecutrix voluntarily participated in the act. Appellant first told prosecutrix that her mother had come near dying while in childbirth and that he was the cause of children being born; he then threatened to take away prosecutrix's younger brothers and sisters unless she "took care of him," and he then grabbed her by the neck and forced her head over his privates. This we have concluded is amply sufficient to support a finding that she did not voluntarily participate.

Appellant's last contention relates to the court's charge. We have concluded that, when construed as a whole, the charge applies the doctrine of reasonable doubt to every element of appellant's possible defense. It should be noted that appellant denied that any act occurred. His defense was not that prosecutrix had voluntarily participated in the act.

Finding no reversible error, the judgment is affirmed.