James **MITCHELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 35510.

Court of Criminal Appeals of Texas.

March 20, 1963.

Buck C. Miller, Houston, for appellant.

Frank Briscoe, Dist. Atty., Gus J. Zgourides and Gene D. Miles, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for aggravated assault; the punishment sixty days in jail.

The complaint and information charged appellant with having committed an aggravated assault upon one William R. Gray, with a pistol, the ground of aggravation

being that the assault was made with premeditated design and by the use of means calculated to inflict great bodily injury.

Gray, the injured party, testified that he was co-manager with his wife of the North Line Terrace Apartments in the city of Houston. Appellant lived in one of the apartments with his wife and small child. Gray testified that on the night in question, while he was making his usual "rounds" about midnight, he met appellant with his wife and daughter in front of their apartment. Appellant inquired what he was doing there and he answered that he was making his "rounds" and asked appellant why he inquired. Appellant replied that he would show him why, then went inside the apartment, put a package on the table, came outside and "kind of danced along the side of the apartment." Gray stated that appellant then "whipped" out a pistol which looked like a .45 calibre, six inches long, and struck him across the face with it. He further testified that he was "staggered" and "dazed" from the blow and bleeding profusely and that he went to the Doctors Hospital for emergency first aid treatment. He further stated that he had "a brand new bite now" and that part of his face was paralyzed.

Deputy Sheriff Snow testified that in his opinion a pistol which appeared to be a .45 with a six-inch barrel, when swung and struck against a person's head, would be calculated as a means to inflict great bodily injury.

Appellant did not testify but called as a witness in his behalf his wife, Mrs. Kathryn Mitchell, who gave her version of the difficulty.

Mrs. Mitchell testified that when she and appellant returned from a grocery store to their apartment on the night in question, Gray, the injured party, was at the front "pounding profusely" on the door. She asked: " 'What is the matter with you?' " and Gray, who had been drinking, replied: " 'I want to see your husband,' " stating that he was there to "straighten out" her

husband. Appellant then came around the corner to where they were standing and asked Gray what was the matter. Gray replied: " 'I want to see you,' " and used abusive language. Appellant then went inside the apartment and Mrs. Mitchell blocked the doorway, saying to Gray: " 'You are not coming in here and causing any trouble.' " While Gray was at the doorway and she was blocking his entrance, a struggle ensued between them as he started into the apartment. While they were struggling in the doorway, appellant pushed his wife aside and struck Gray with his fist.

Appellant also called two of the owners of the apartments, who testified that it was Gray's wife—and not Gray—who was hired as manager of the projects.

Testimony was also adduced to the effect that the apartment had been rented to appellant by one of the owners, over Gray's protest, and that on the day appellant moved into the apartment he had some difficulty with Gray's wife over some keys and cursed her.

In submitting the issue of appellant's guilt to the jury the court fully instructed the jury on the right of appellant to prevent an intrusion upon the lawful possession of his property and to act in defense of his wife against an unlawful attack being made or about to be made upon her by the injured party.

 The jury resolved the disputed issues against appellant, and we find the evidence sufficient to sustain their verdict.

Appellant predicates his appeal upon certain claimed errors in the court's charge.

No objections were made to the charge but appellant presented certain requested charges to the court which were refused.

 Appellant's first complaint is to the court's failure to define the term "premeditated design" in the charge. A requested instruction defining the term was presented by appellant to the court, and refused.

The court in his charge instructed the jury as follows:

"You are instructed that in connection with the term 'premeditated design' *that* the premeditation must have existed in the mind of the accused before the time of the said assault, if one was committed."

It is the state's contention that the term "premeditated design" is of such common usage and so generally understood that it need not be defined.

With such contention we agree. In the early case of Atkinson v. State, 20 Tex. 522, the Supreme Court of this State in discussing the meaning of the term "premeditated and deliberate killing," as used in the murder statute, said:

"They are not technical words, with a defined meaning by the common law. They are familiar words in common use, employed in the statute, not to extend or enlarge the meaning of the words malice aforethought, but to designate a class of offenses * * *."

In Weatherford v. State, 159 Tex.Cr.R. 278, 263 S.W.2d 166, this court, in declining to pass upon a similar complaint to the trial court's charge because the exception had not been properly preserved, referred to the term "premeditated design" as one commonly used and accepted.

Appellant further insists that the charge was erroneous because the court failed to instruct the jury that the premeditation must exist in the mind of the accused *at the very time of the assault.*

Appellant, in his requested instructions, made no request for such an instruction. However, a careful reading of the charge as a whole reflects that the jury were required to find, before convicting appellant, that he was acting with premeditated design at the time of committing the assault. The contention is overruled.

Appellant next contends that the court failed to instruct the jury as to the distinguishing features between aggravated and simple assault. Such contention is based upon the court's refusal to give appellant's requested instruction to the jury that if his conduct resulted from rash or sudden impulse it was only a simple assault and if the difficulty between appellant and the injured party was a result of provocation arising at the time, appellant would not be guilty of an aggravated assault.

The court in his charge defined simple and aggravated assault in the language of the statute and instructed the jury that if they found appellant guilty of an assault but had a reasonable doubt as to whether such assault was aggravated, to acquit him of aggravated assault and find him guilty of simple assault. Such charge was sufficient. The court's instruction to the jury with reference to reasonable doubt in favor of defendant—if they had such doubt—as to the degrees of assault, rendered harmless any error in refusing to give the charge requested. Hodges v. State, 73 Tex.Cr.R. 378, 166 S.W. 512, relied upon by appellant is not here controlling, because in that case no instruction was given the jury with reference to any reasonable doubt in favor of the accused between the two degrees of assault.

Appellant's remaining complaint is to the court's failure to give his requested instruction on the right to defend himself against an unlawful attack being committed upon him by the injured party.

Since appellant did not testify, we must look to the testimony of his wife in determining whether the issue of self-defense was raised. We have concluded that her testimony that appellant struck the injured party as she was struggling with him in the doorway did not raise the issue of self-defense but only the issues of whether appellant was acting in defense of his wife or to prevent an intrusion upon the lawful possession of his property, which issues were submitted by the court to the jury.

Such defense not being raised by the evidence, the court did not err in refusing the requested instruction.

The judgment is affirmed.

Opinion approved by the court.