**Phil WARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41098.**

Court of Criminal Appeals of Texas.

Feb. 28, 1968.

Rehearing Denied May 15, 1968.

Layne R. Turner, (by Court appointment) Luther Lynn, San Angelo, (by Court appointment), for appellant.

Royal Hart, Dist. Atty., Frank C. Dickey, Jr., Asst. Dist. Atty., San Angelo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, 20 years.

Appellant's grounds of error one, two and four relate to the admissibility of appellant's confession.

Factually no issue exists because appellant did not testify, nor did he offer any evidence in his own behalf.

Legally, in order to meet the requirements of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, practically the entire police force of the City of San Angelo on duty on the night in question was called by the State and recounted in detail, both before the Judge in compliance with the rule set forth in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and then before the

jury, the facts relating to the taking of appellant's confession. The homicide occurred shortly after midnight when a taxicab driver was killed by a blow to the head. The officers converged on a motel cabin at approximately 4:00 a. m. on the same morning in the same city. When they knocked on the door, they were invited in, and upon entering, they found three young men, among them, appellant.

The officers asked the group if they had had any trouble with a cab driver earlier, and they said that they had. They were asked to go down to the police headquarters, and they agreed to go. No questions concerning the homicide were propounded to any of the three, who were placed in jail, until after they were individually carried before a magistrate later that same morning and administered the statutory warning. Then they were taken into the office of a police officer, who again warned them, and there confessed in writing within a matter of minutes.

Appellant's third ground of error is that the State was permitted to bolster the evidence as to the warning by permitting the officers to testify that the printed warning appearing at the beginning of the confession was given by the magistrate. We find no merit in the contention.

If we properly construe appellant's next three grounds of error, they contend that there was undue delay in taking appellant before a magistrate after arrest. His contention seems to be that since it was shown that a magistrate was available at 6:00 a. m., when he issued the warrants of arrest for the three, appellant was not taken immediately before such magistrate because he was not presented to the magistrate until 8:30 a. m. We find no merit in this contention. Hughes v. State, Tex.Cr. App., 409 S.W.2d 416.

Appellant's last contention is that the court erred in failing to charge on circumstantial evidence. This Court has held

that where there is proof that a homicide had occurred and that appellant confessed thereto, no charge on circumstantial evidence is required. Myers v. State, 159 Tex. Cr.R. 347, 263 S.W.2d 546.

Finding no reversible error, the judgment is affirmed.