**Ramona DOMINGUEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42459.**

Court of Criminal Appeals of Texas.

Oct. 22, 1969.

Joseph Abraham, Jr., Jack N. Ferguson, El Paso, for appellant.

Barton Boling, Dist. Atty., Thomas F. Keever, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder without malice; the punishment, five years.

█ The sufficiency of the evidence is challenged in this respect; that by accepting appellant's confession as voluntarily made and admissible, it is contended that the State has not made its case because the confession stated that appellant shot at deceased's legs while he was on the floor on his back. This Court properly answered this contention in Tapley v. State, 158 Tex. Cr.R. 495, 256 S.W.2d 583, 586, where we said:

"To say that even though the accused pointed a deadly weapon directly at the injured party and fired the same, but that in doing so he did not intend to kill, would be bordering on an absurdity."

█ Prior to trial, appellant filed written trial objections and the same were referred to by number during the course of the trial. The first was his motion to suppress the written confession. At the hearing on the motion some days before the trial, the following facts were adduced. Deceased lived in a trailer camp with the appellant; his body was discovered and it was ascertained that he met his death from a bullet wound. The police learned that appellant had been living with deceased immediately prior to his demise, but was not present at the time his body was discovered and thus they went in search for her to determine what she might know about his death. The officers were explicit in stating that they had no reason to suspect that appellant was the assailant. A day or two later they found appellant drinking in a bar. Because of the

noise and commotion they asked appellant to step outside in order for them to converse with her. Since the weather was extremely cold they asked her to take a seat in the patrol car. Appellant was extremely talkative and began to tell the officers how deceased had mistreated her. She then blurted out that she had shot him. The officers promptly told her to say no more and notified their superior officer. Appellant kept telling the officers about shooting deceased and they got out of the automobile so as not to hear any more. Upon the arrival of their superior, appellant was carried forthwith before a magistrate who carefully gave her a complete statutory warning, and a written confession was made. At the trial the oral confession was not admitted, but the trial court made a full Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, written finding as to the voluntariness of the written confession which was admitted. We hold that the Court did not err in overruling the motion to suppress.

■ The appellant's next ground of error is that the Court failed to instruct the jury that they could not consider the confession unless they found that it was voluntarily made. Appellant did not testify and there was no claim made as to the voluntariness of the confession and therefore no necessity arose for the charge.

■ The next contention is that the Court erred in refusing to permit the witness, Mrs. Heredia, to testify that a month or two prior to the homicide, appellant had told her that deceased had beat her and exhibited to her the wounds which he had inflicted.

This Court in Smalley v. State, 171 Tex. Cr.R. 146, 346 S.W.2d 333, had occasion to discuss the rule announced in Trammell v. State, 145 Tex.Cr.R. 224, 167 S.W.2d 171, as to self serving declarations and pointed out that they were not admissible unless a

part of the res gestae or where the State had made proof of a part of the conversation. Neither exception applies to the case at bar and the Court did not err in excluding such testimony.

■ Appellant next contends that the Court erred in failing to charge the jury on circumstantial evidence. We quote from Morris v. State, 168 Tex.Cr.R. 29, 322 S.W.2d 632, as follows:[1]

"The rule is well settled that in prosecutions for murder where there is direct evidence from any source that the accused killed the deceased, a charge on circumstantial evidence is not required. See 4 Branch's Ann.P.C., Section 2050, page 358 and cases there cited."

Also, in Stevenson v. State, 169 Tex.Cr.R. 431, 334 S.W.2d 814, we stated as follows:[2]

"The remaining complaint is that the trial judge declined to charge on circumstantial evidence. The confession obviated the necessity of such charge, if the direct evidence was not otherwise sufficient."

■ She contends that the court erred in failing to charge on exculpatory statements contained in that portion of the confession which the State introduced. It is contended that the statements that, "I shot at Otto's legs," and "I ran out of the trailer house and he ran after me," were exculpatory. There was nothing in the confession stating a lack of intent to kill. A charge on self defense was given in the case at bar.

■ Appellant's next contention was that the court erred in failing to charge on the issue of specific intent to kill. Recently in Davis v. State, Tex.Cr.App., 440 S.W.2d 291, we held that where the weapon used was deadly per se, that the intent to kill would be presumed.

1. See also, Ward v. State, Tex.Cr.App., 427 S.W.2d 50.

2. See also, 31 Texas Jur.2d Instru. Sec. 123 (1962), and the cases therein cited.

We have examined the argument and fail to find that the same was erroneous or constituted a comment on the appellant's failure to testify, Ramos v. State, Tex.Cr. App., 419 S.W.2d 359.

 We find no error in the admission of the pistol which appellant left with the witness Latlipp shortly after the homicide. The fact that the F.B.I. was unable because of its mutilation to identify the slug found in the body of the deceased as having been fired by such pistol went only to the weight and not the admissibility of this item of evidence.

Finding no reversible error, the judgment is affirmed.