**Hazel Nadine HARTMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47823.**

Court of Criminal Appeals of Texas.

April 3, 1974.

Witherspoon, Aikin, Langley, Woods, Kendrick & Gulley, Hereford, Fike & Hunter, Dalhart, for appellant.

Michael P. Metcalf, Dist. Atty., Dumas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted, in a trial before a jury, of murder with malice. Punishment was assessed by the jury at five (5) years' imprisonment.

The evidence reflects that on February 4, 1972, Nadine Hartman, the appellant, shot her husband in the back using a small caliber pistol. After being shot, the deceased grabbed the gun from appellant, got in his car and drove from the scene. Ap-

proximately one (1) mile from the shooting scene, the car of the deceased turned over. He crawled out of the car and died within a few moments. A pathologist who performed the autopsy testified that deceased died as a result of a wound caused by a small caliber bullet entering the body in the back, below the shoulder blade, which penetrated the left lung and exited on the anterior side of the victim's chest. The cause of death was secondary bleeding from the bullet wound to the lung. A State's witness testified that immediately after the shooting appellant stated: "I told you I was going to kill the goddamned son of a bitch."

The appellant took the stand and did not deny shooting the deceased. The appellant testified the shooting was accidental; that she had the gun only to "frighten him enough to get back to his car 'til I could get out of there." Appellant contended the deceased was reaching for a chain or pipe with which to beat her and the gun discharged accidentally on pulling it from the car. The appellant further testified to numerous severe beatings that the deceased had inflicted upon her prior to this incident as reason for her fear of the deceased.

On rebuttal the State produced one Barbara McCloskey. She testified to a threat against deceased's life made by appellant.

Due to the fact that appellant's contentions on appeal center largely around the testimony of State's witness Barbara McCloskey we will first discuss the admissibility of her testimony. In appellant's eleventh ground of error she contends that the court erred in permitting Barbara McCloskey to testify on rebuttal over objection that the "Rule" had been violated. Prior to testifying she had discussed her testimony with the District Attorney in the presence of her husband, a potential witness. The Rule of Exclusion and Separation of Witnesses had been invoked by the District Attorney. (Art. 36.03–36.06, Vernon's Ann.C.C.P.)

At the time the "Rule" was invoked neither Mr. or Mrs. McCloskey was present in court. The prosecution, at the time she was called as a witness, stated it would not use Mr. McCloskey. However, the trial court felt the "Rule" did apply and sustained appellant's objection to any testimony by Mrs. McCloskey on the State's case in chief.

On the State's rebuttal, after appellant had testified, the State was permitted over the appellant's objection, to question Mrs. McCloskey and produce testimony of one of three prior threats by appellant directed at the life or well being of appellant.

It is well established that a great deal of latitude is confided in the trial judge with regard to his decision concerning the applicability of the "Rule" to a particular witness. The exercise of this discretion will not be reversed on appeal except in cases of clear abuse. Owens v. State, 503 S.W.2d 271 (Tex.Cr.App.1974); Murphy v. State, 496 S.W.2d 608 (Tex.Cr. App.); Berry v. State, 477 S.W.2d 284 (Tex.Cr.App.1972). We do not find that under the circumstances appellant has shown a clear abuse of discretion.

Appellant's eleventh ground of error is overruled.

The appellant in her first three grounds of error complains of cross-examination by the prosecution concerning certain threats made by the appellant against the deceased. For purposes of this appeal we will discuss these grounds of error together. The complained of cross-examination consisted of the following questions:

"Mrs. Hartman, in the presence of Barbara McCloskey didn't you threaten to shoot or kill Leland Hartman and tell him that you would get off because you had been to the nuthouse?"

\* \* \* \* \* \*

"Mrs. Hartman, after Christmas of last year and before January the 8th of this year, didn't you call Barbara McCloskey

at the Buffalo Motel in Canyon, Texas, and tell her that you were going to kill Leland?"

\* \* \* \* \* \*

"On or about 10 or 12 days before Leland Hartman was killed, didn't you get the police to go and have Barbara McCloskey take an emergency phone call in Lubbock, Texas, to call you back and didn't you at that time threaten the life of Leland Hartman?"

To all of these inquiries, appellant answered in the negative.

The appellant contends the District Attorney was circumventing the court's ruling disqualifying Barbara McCloskey as a witness by asking certain questions which assumed the existence of facts which he could not prove. There is no showing of bad faith on the part of the State in the interrogation of appellant on cross-examination.

When the accused took the stand as a witness, she was subject to the same rules as any other witness testifying at that stage of the trial. She may be contradicted, impeached, discredited, made to give evidence against herself, cross-examined as to new matter, and treated in every respect as any other witness, except where some statute forbids certain matters to be used against her. Jenkins v. State, 484 S.W.2d 900 (Tex.Cr.App.1972); Brumfield v. State, 445 S.W.2d 732 (Tex.Cr.App.1969).

 It is true the prosecution cannot attempt to establish a theory of appellant's action by questions alone, with no basis of fact. Keener v. State, 164 Tex.Cr.R. 439, 300 S.W.2d 85 (1957); Faubian v. State, 83 Tex.Cr.R. 234, 203 S.W. 897 (1918). Nor may the prosecution attempt to get before the jury, indirectly through his cross-examination, evidence in which the subject matter is inadmissible. For example, in Lee v. State, 147 Tex.Cr.R. 548, 182 S.W.2d 490 (1944), it was error to question appellant concerning a general rampage that had no connection with the homicide in ques-

tion from a standpoint of time, place, or parties.

 However, in the instant case the subject matter of the testimony was clearly relevant and admissible. In prosecutions for murder it is permissible for the State to prove antecedent threats made by the defendant against the deceased in order to show intent and malice. E. g., Porter v. State, 154 Tex.Cr.R. 540, 229 S.W.2d 68 (1950). The cross-examination also had a basis in fact as shown by Barbara McCloskey's subsequent testimony. The fact Barbara McCloskey may have been lost to the State as a witness prior to appellant's appearance as a witness does not preclude the prosecution from its right of effective cross-examinaton.

Appellant's grounds of error one, two, and three are overruled.

In the fourth ground of error appellant complains that the State committed material error resulting in serious harm and prejudice when it asked the appellant, "Didn't you follow Mr. Mackey around for weeks at a time?"

The court sustained appellant's objection, and the State did not pursue the matter further.

 This Court will not reverse a conviction solely because an improper question was propounded. To cause reversal the question must be obviously harmful. Mistrot v. State, 471 S.W.2d 831 (Tex.Cr.App. 1971); Sensabaugh v. State, 426 S.W.2d 224 (Tex.Cr.App.1968).

The appellant's fourth ground of error is overruled.

 In grounds of error five to ten inclusive, appellant complains of certain questions asked by the State of appellant on cross-examination. A study of the record reflects that each of the State's questions made the subject of these complaints concerned matters first brought out on appellant's direct evidence, and were properly the subject of cross-examination.

As noted previously, when appellant took the stand she subjected herself to a wide scope of cross-examination on matters pertinent to the case. Jenkins v. State, supra; Brumfield v. State, supra.

Grounds of error five to ten inclusive are overruled.

In the last ground of error appellant contends that the evidence is insufficient to support the verdict since there is no evidence that at the time of the offense appellant had the intent to kill, nor is there any evidence of malice about the testimony of Barbara McCloskey.

We have held that the testimony of Mrs. McCloskey was admissible. However, the evidence shows without such testimony that the appellant was arguing with the deceased, the deceased had his back to the appellant, the appellant was holding the pistol which discharged and killed the deceased. A disinterested eyewitness reported that immediately after the shooting appellant stated: "I told you I was going to kill the goddamned son of a bitch."

The issue of accidental firing was injected by testimony of the appellant. The jury is authorized to accept or reject any portion of a witness' testimony. Article 45, Vernon's Ann.P.C., provides that "The intention to commit an offense is pronounced whenever the means used is such as would ordinarily result in the commission of the forbidden act." A .22 pistol, when used as a shooting weapon, is presumed to be a deadly weapon per se. Hemphill v. State, 505 S.W.2d 560 (Tex. Cr.App.1974); Machado v. State, 494 So. W.2d 859 (Tex.Cr.App.1973); Walker v. State, 440 S.W.2d 653 (Tex.Cr.App.1969). The intent of a defendant may always be ascertained or inferred from the means used and wounds inflicted. Walker v. State, supra. Dominguez v. State, 445 S. W.2d 729 (Tex.Cr.App.1969). The shooting of deceased with such a weapon authorized a finding of malice absent any testimony to previous threats. Hemphill v.

State, supra; Newman v. State, 501 S.W. 2d 94 (Tex.Cr.App.1973). Viewed in the light most favorable to the jury's verdict, we find the evidence sufficient to support their verdict.

Appellant's twelfth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.