Jesse **ANDERSON, Jr., Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 43799.

Court of Criminal Appeals of Texas.

June 2, 1971.

Marvin O. Teague, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Stu Stewart, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of marihuana; the punishment, assessed by the court, two (2) years.

In his second and third grounds of error, appellant contends that the trial court erred in overruling his motion to suppress evidence regarding the search and finding of the marihuana and that the trial court erred in admitting such evidence before the jury. He contends that the search of his person was made without probable cause. The testimony of Officer B. L. Alcorn showed that, as he was sitting in his automobile at 10:55 p. m., a confidential informer came up to the car. This informer was known to Officer Alcorn and had given information to the officer five or six times previously, all of which information had proved to be true. The informer stated that appellant would be at the 3100 block of the Gulf Freeway, would have marihuana in his possession and was selling marihuana around that location. The informer also told Officer Alcorn that the appellant would be leaving the location very shortly.

Acting upon this information, Officer Alcorn went immediately to the 3100 block of the Gulf Freeway, some six blocks away, where he saw the appellant standing in front of a lounge talking to another man. Alcorn testified that appellant was known to him to be a user of narcotics and that as he (Alcorn) approached him, the appellant appeared to become "nervous and shakey." Appellant was dressed in a brown banlon shirt and brown polka-dot trousers. Officer Alcorn found, in appellant's shirt pocket, a cigarette package containing what later proved to be fourteen marihuana cigarettes.

A very similar fact situation was presented to this Court in Rangel v. State, Tex.Cr.App., 444 S.W.2d 924. As in the case at bar, the officers did not need a description of Rangel because they knew him. Thus the elaborate description given in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 was not necessary in Rangel, supra, or in the case at bar. In the case at bar, the informer was known by Officer Alcorn to be credible and reliable. In addition, the appellant was where the informer said that he would be. See also Carranco v. State, Tex.Cr.App., 419 S.W.2d 380; Almendarez v. State, Tex. Cr.App., 460 S.W.2d 921. We find that there was a sufficient showing of probable cause, and overrule appellant's second and third grounds of error.

Appellant's first contention is that the evidence is insufficient to support the conviction. In addition to the testimony set out above, a chemist testified that each of the fourteen cigarettes contained marihuana.

Finding the evidence sufficient to support the conviction, the judgment is affirmed.