Ramon **RIVAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47467.

Court of Criminal Appeals of Texas.

March 6, 1974.

Rehearing Denied March 27, 1974.

**234**

Lee A. Chagra, El Paso, for appellant.

Steve W. Simons, Dist. Atty., and William B. Hardie, Jr., Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of possession of marihuana. Punishment was assessed by a jury at four years, probated.

Appellant contends by his sole ground of error that the trial court erred in admitting the evidence seized because the arrest, search, and seizure were without probable cause and in violation of the Fourth Amendment of the United States Constitution.

Agent J. R. Bartlett, a Special Agent for the U. S. Bureau of Customs, testified that he was working on December 25, 1969, in El Paso County as a Special Agent and that his duties at the time were to obtain information in order to combat the smuggling into the United States of contraband from Mexico. At approximately 1:25 A. M. on December 25th, he received information from a confidential source that approximately five people were going to smuggle approximately ten suitcases of marihuana from Mexico into the United States just southeast of Fabens. They would be using a 1965 maroon Mustang bearing 1969 Texas license plate no. CYR–603 or CYR–605, a green and white Volkswagen bus with 1969 Texas license plate no. BVH–133 and an Oldsmobile Toronado. He was told the people could be located at the Howard Johnson Motel at Interstate 10 and Hawkins Street and that the Mustang and Volkswagen could be found at the corner of California and Mesa Streets. He then went to the motel, along with Agent Kessler, and discovered from the desk clerk that four people had just recently registered in Room 116 and their motel registration card listed a 1967 Oldsmobile and a red Mustang with Texas license plate no. CYR–603. He, along with Kessler, then rented Room 217, which was directly across from Room 116. Immediately after he rented Room 217, he proceeded to the corner of California and Mesa Streets where he found the red Mustang and Volkswagen bus and set up surveillance of them concurrent with the surveillance at the motel. The agents at the room informed him at approximately 6:30 P.M. that a 1948 brown DeSoto had arrived with two people who had gone into Room 116. When these two people left the room, he recognized one of them as Louis Whitmeyer, a known smuggler of marihuana and the other one was later identified as appellant. Whitmeyer was carrying three packages in his arms and appellant two packages in his arms. The packages were wrapped in Christmas paper, had round edges, and were the size and shape of "kilos" of marihuana. They went to the DeSoto and Whitmeyer opened the trunk. They put the five packages inside the trunk, closed it and Whitmeyer got into the driver's seat of the car as appellant started walking back toward the motel room. Bartlett walked up to Whitmeyer

and asked him what he had put into the trunk, to which he replied, "Christmas presents." Bartlett then asked Whitmeyer to open the trunk, which he did. After Bartlett broke open one of the packages, it was found to contain a marihuana "brick." Appellant was subsequently arrested by Agent Adams just when he arrived at the door of the motel room. A search of Room 116 by Bartlett revealed eleven suitcases full of marihuana (approximately 280 pounds). The five packages of marihuana that appellant and Whitmeyer were carrying, along with the eleven suitcases, were admitted into evidence.

Donald L. Smith, a Special Agent for the U. S. Treasury Department, testified that on December 25, 1969, he assisted in the narcotics investigation being conducted at the Howard Johnson Motel. He saw a white and light green Volkswagen bus appear at the motel at approximately 2:30 P. M. that day and saw the driver of the bus get out and go into Room 116. At approximately 3:15 a person came out of Room 116, got in the bus, and drove away and at 3:50 it returned with two men who took out a box of Christmas wrapping paper and went to Room 116. At 5:30 P.M. a 1948 brown DeSoto arrived with two individuals who proceeded toward Room 116. At 7:30 P.M. two individuals walked from the direction of the room carrying what appeared to be Christmas packages in their hands and put them into the trunk of the DeSoto. After they had put the packages into the trunk, Bartlett and Adams went down to the DeSoto and arrested the two individuals, one of whom was appellant. Smith then proceeded to Room 116, where he and Bartlett "broke in" after a man had opened the door and then slammed it in their faces. Smith testified that just prior to breaking in he detected an odor of marihuana coming from the motel room. A search of appellant's pockets revealed a key which opened three of the suitcases found in Room 116.

Appellant contends the search of the DeSoto automobile and the motel room were without probable cause. The State, however, contends that probable cause was established by the information given by the confidential source coupled with the personal observations made by the arresting officers, which corroborated the informant's tip.

■ The State must show the existence of probable cause at the time a warrantless search is made and the existence of circumstances which make the procuring of a warrant impracticable in order to justify a warrantless search. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); Carroll v. U. S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1924); Stoddard v. State, 475 S.W.2d 744 (Tex.Cr.App. 1972). The question of whether a warrantless search is constitutionally valid can only be decided in terms of the concrete factual situation presented by each individual case. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1967); Fry v. State, 493 S.W.2d 758 (Tex.Cr. App.1973).

■ In the case at bar, the details given to Bartlett by his confidential source were very specific, like the ones given in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). The informant had told Bartlett that: five people were going to smuggle a large quantity of marihuana into the United States just southeast of Fabens; that those persons would be located at the Howard Johnson Motel; that three vehicles would be involved in the transaction, those being a red Mustang with Texas license plate no. CYR–603 or 605 and a green and white Volkswagen bus with license plate no. BVH–133 and an Oldsmobile Toronado; and that the Mustang and Volkswagen could be found at the corner of California and Mesa Streets. All of the above information, with the exception as to where the marihuana came from, was verified by Bartlett during his surveillance of appellant and his companions. See Powell v. State, 502 S.W.2d 705 (Tex.Cr.App.1973); Dickhaut v. State, 493

**236**

S.W.2d 223 (Tex.Cr.App.1973); Harris v. State, 486 S.W.2d 88 (Tex.Cr.App.1972); Almendarez v. State, 460 S.W.2d 921 (Tex.Cr.App.1970); Mottu v. State, 472 S.W.2d 522 (Tex.Cr.App.1971). Not only were the details verified, but additional buttressing information resulted from the officer's on-the-scene observations of Whitmeyer, known to have a reputation as a marihuana smuggler, and of appellant and Whitmeyer carrying packages of the size and shape of marihuana kilos. Coupled together, the verified details plus the buttressing additional information constituted probable cause, at least to investigate further into the contents of the marihuana kilo-shaped packages. Upon this proper search, discovery that the packages were what they appeared to be, to-wit, marihuana kilos, further verified the information previously received. This further discovery, coupled with the prior observations and verifications, constituted probable cause to search the motel room.

The fact that the informant had not told Bartlett how he got his information will not change the result reached in this case because the independent buttressing observations made by Bartlett were sufficient to satisfy the requirements of probable cause. See and compare Truitt v. State, 505 S.W.2d 594 (Tex.Cr.App.1974) with Polanco v. State, 475 S.W.2d 763 (Tex.Cr.App.1973); Gonzales v. Beto, 425 F.2d 963 (5th Cir. 1970).

Furthermore, the existence of circumstances which made the procuring of a search warrant impracticable was also shown. Appellant and Whitmeyer were loading packages, which appeared to be bricks of marihuana, into the trunk of the DeSoto. Whitmeyer subsequently got into the DeSoto, and the men in Room 116 "slammed the door" in the agents' faces when they first approached it.

There being no reversible error, the judgment is affirmed.