James M. BRUNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 47581.

Court of Criminal Appeals of Texas.

March 13, 1974.

Ronald A. Piperi, Killeen, for appellant.

Joe Carroll, Dist. Atty., and Arthur C. Eads, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for possession of heroin. The jury assessed punishment at ten years.

Killeen police detective Kenneth Whitehead testified that on the evening of April 20, 1972, he received a telephone call at police headquarters from an informer who stated that two Negro males were in his home at 1109 Massey Street in Killeen, that two other Negro males were sitting in an automobile parked in front of the house and that he had "reason to believe" that they possessed at least four grams of heroin. The automobile was described as a green 1968 Plymouth, bearing Texas license plates number GJT 943. He further stated that he didn't think the men would be there long and that Whitehead had his permission to enter the house.

Immediately after the call, Whitehead notified two other Killeen police officers, Johnson and Stevens, of the information and then proceeded to the Massey Street address with Officer Cox. At 1109 Massey, Whitehead and Cox observed a Plymouth automobile matching the description given them and containing two Negro males, parked in front of the house. While they observed the vehicle, Whitehead and Cox were joined by Stevens. During this time, Whitehead was in constant radio contact with Johnson and had related to him the substance of the informer's "tip."

Whitehead and Cox then drove up to the house, entered and discovered the informer and two Negro males and placed them under arrest. A search of Robinson, one of the two men, revealed two balloons containing approximately two grams of heroin in his right front coat pocket.

When Stevens and Johnson walked up to the automobile, they identified themselves and asked the appellant and the other occupant to step outside. The two men were then placed against the automobile, and Officer Johnson conducted a "pat-down" search. In appellant's pocket, Johnson found a hypodermic syringe and needle and a spoon, but no heroin. Appellant was then placed under arrest and, along with others, was taken to police headquarters for booking. While appellant's personal effects were being inventoried prior to booking, a tinfoil package fell out of his wallet. The package was later found to contain heroin.

Appellant contends that the trial court erred in admitting into evidence the narcotics paraphernalia and tinfoil package containing the heroin because such evidence was the product of an illegal search and seizure. Appellant specifically urges that probable cause cannot be based upon an informer's statement that he has "reason to believe" that the suspects possessed contraband.

Article 14.04, Vernon's Ann.C.C.P., provides:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest accused."

We hold that the information supplied by the informer is not "satisfactory proof . . . that a felony has been committed . . ." as required by Article 14.04, supra. The arrest and the subsequent search and seizure were not authorized by the statute, and the evidence obtained by reason of such search was improperly admitted.

Even though the officers found the described automobile parked in front of the informer's house, the circumstances are insufficient to show probable cause for a warrantless arrest. The Supreme Court of the United States in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, held that, where an affiant stated that he had reason to believe and did believe that Aguilar possessed heroin, such statement was insufficient to show probable cause for the magistrate to issue a warrant. The statements of the informer relied upon for probable cause in the present case are

weaker than those relied upon in Aguilar, supra.

Our holding in this case does not detract from the holdings of Rangel v. State, Tex.Cr.App., 444 S.W.2d 924, and Almendarez v. State, Tex.Cr.App., 460 S.W.2d 921, in which this Court upheld warrantless searches. Rangel, supra, is distinguishable because the officers were told that Rangel was selling heroin, which was enough to show that a felony was being committed. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, and Almendarez, supra, are not controlling because in both cases the officers were told that the defendants would be in possession of narcotics. This was more information than the informer in the present case provided when he merely stated that "he had reason to believe" that the men in the car possessed heroin.

One may think he has reason to believe without having any facts to support that belief. One's reason to believe something may be based only on the reputation of the suspected person or on other considerations without factual basis.

For the reasons stated, the judgment is reversed and the cause remanded.