Robert Wayne WALKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 48127.

Court of Criminal Appeals of Texas.

July 10, 1974.

Rehearing Denied Sept. 18, 1974.

William F. Kortemier and Wallace P. Nobles, Dallas, for appellant.

Henry Wade, Dist. Atty., Wm. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted by a jury of burglary. Punishment was assessed by the court at three (3) years' probation.

In his third ground of error, appellant complains the evidence was insufficient to sustain the conviction. Appellant contends that there was no positive evidence that the merchandise found on appellant on this occasion was taken on the night of the alleged burglary or that any of the merchandise had come from where the alleged burglary was stated to have occurred.

The evidence reflects that about 1:15 on the morning of February 23, 1972, Officer C. T. Walker observed that appellant's Volkswagen car had no front license plate and was loaded with merchandise, later determined by the officer to be 24 bedspreads, 14 in the rear compartment and 10 in the front hood. After stopping appellant's car Walker had the appellant come back to his police car away from the passenger in appellant's car. The stories of appellant and the passenger differed as to the source of the bedspreads. After obtain-ing the conflicting stories Walker then read appellant his statutory rights, and took him and the passenger to jail.

The labels on the bedspreads indicated they were from Regina Manufacturing Company, located approximately three minutes drive from the arrest scene. After placing the appellant in jail, Walker went out to Regina Manufacturing Company to determine whether a burglary had taken place. He found a vent removed exposing a hole in the roof of the building. The production manager, Clyde Lane, was notified and Officer Walker took the 24 bedspreads to the station and left them in the "pound."

Upon entering the building Lane and Walker found several bedspreads scattered in the aisle. Arranged directly underneath the hole in the roof was a table with a chair sitting on top. Also under the hole were more bedspreads scattered on the floor. Debris from the roof, a grayish sheetrock dust, was on the table, chair, and floor. Officer Walker testified the dust was similar to the dust found on the bedspreads recovered from appellant's car and found on the passenger in appellant's car.

Clyde Lane testified that he was the production manager of the Regina Manufacturing Company, which manufactured bedspreads and draperies. The bedspreads stored in the warehouse were under his control and were his property in his capacity as production manager. The warehouse was locked and secured at 5:00 P.M. on February 22, 1972, and no one was given permission to enter the building and remove the bedspreads.

Lane could not specifically identify the bedspreads found in appellant's possession nor specifically determine the number of bedspreads missing from the warehouse. However, he did testify they were the same type, design, and style number as the bedspreads found scattered in the warehouse. He also testified that an unauthorized entry had taken place because the condition of the warehouse had changed since

it was secured at 5:00 on the evening of February 22. On cross-examination Lane testified the vent could have been removed and the debris could have been deposited by workmen repairing the roof during the week. Lane testified further on direct, that about a month later he went to the police pound and recovered 24 of his bedspreads. While he was unable to state definitely that they were articles stolen on this occasion, nor did he know the exact number of spreads taken, he did identify them as of the same type and design as came from the rack on which the bedspreads came that had been strewn down the aisle. He also stated that he was satisfied that the recovered spreads were, in fact, his bedspreads.

The appellant took the stand and testified he had bought the bedspreads from an acquaintance named "Chuck." He testified that "Chuck" was a door-to-door salesman appellant had met several times in local taverns. On February 22 "Chuck" had told appellant he might have some merchandise to sell to him that night. At about 10:00 P.M. "Chuck" called appellant and arranged a meeting for 12:00 midnight at a local tavern. According to appellant, "Chuck" left and returned with the bedspreads. Appellant stated he purchased the bedspreads for One Hundred dollars ($100.00). Appellant did not know "Chuck's" last name nor did he know where "Chuck" resided or could be located. The record reflects that "Chuck" was not the passenger with appellant at the time of the arrest on February 22.

The explanation made by appellant at the trial differed from the explanation given to the officer at the time of the arrest. His statement to the officer was that he had been given the bedspreads at a girl friend's house that night to take them to the house of a girl friend of hers.

 The court charged the jury on the law of principals and circumstantial evidence. When circumstantial evidence is relied on it must be sufficient to exclude every other reasonable hypothesis except that of the guilt of the accused. Nelson v. State, Tex.Cr.App., 505 S.W.2d 271, and authorities cited therein. We find that the evidence raised issues of fact for the jury to resolve as to the fact of the burglary having been committed and the guilt of appellant. The appellant's conflicting statements concerning his recent possession in the proximity of the premises allegedly burglarized of what the jury determined was property stolen that night in a burglary of the premises alleged, together with the remainder of the evidence, constitute sufficient evidence to sustain the verdict. Appellant's third ground of error is overruled.

Appellant's first ground claims error in the court's refusal to grant his motion to suppress evidence and statements made by him while he was under arrest.

Appellant's second ground of error is that the court erred in permitting testimony of statements made by him while he was under arrest and prior to his having been given his statutory rights.

 Prior to the introduction of any evidence, the court, in a hearing outside the presence of the jury, heard testimony of the arresting officer C. T. Walker pursuant to appellant's motion to suppress evidence seized as a result of his arrest, viz; "Certain items, including, but not limited to, bedspreads or other personal items taken from his automobile at the time of his arrest." Walker testified to the circumstances of his stopping appellant's car about 1:15 A.M. due to a traffic violation of having no front license plate as stated earlier in this opinion. The bedspreads were in plain view, and the parties gave conflicting stories concerning their possession.

Appellant under these two grounds of error, grouped together in his brief, does not make any claim of having been illegally arrested. His contention is limited to his claim that the court committed reversible error in allowing the statements made

by him during custodial interrogation to be introduced in evidence.

On direct examination, Officer Walker was allowed to testify, over objection, that appellant was under arrest and that appellant and his passenger made conflicting explanations of their possession of the merchandise. However, the State was not permitted to show what their explanations were.

Thereafter, on direct examination, appellant testified that he had a conversation with Officer Walker at his car about the bedspreads on this occasion, in which he explained to the officer where he had acquired them. He said that the officer was not satisfied with his explanation. On cross-examination, when appellant was asked about his explanation made to the officer that night, the only objection was, "We object to any testimony along those lines. It hasn't been before the court on direct examination or on cross-examination." This objection was overruled, and the defendant testified that he didn't tell the officer exactly like he stated in court, but that he stated to Officer Walker that he got the bedspreads from a young lady's apartment, and that he didn't know the address. Thereafter, Officer Walker returned to the stand and testified on direct in answer to questions by the State that appellant told him he had obtained the bedspreads from a girl friend's apartment, and that she had asked him to take them to the house of a girl friend of hers. The only objection to this testimony was, "That's repetitious. He testified that his partner talked to him."

Under these circumstances, it is not necessary that we determine whether appellant was under arrest at the time the statements were made to the officer. Having testified on direct examination that he had made an explanation to the officer of his possession of the merchandise which was not satisfactory to the officer, he is in no position to complain that on cross-examination he was asked of such explanation. Hayles v. State, Tex.Cr.App., 507 S.W.2d 213;

Moulton v. State, Tex.Cr.App., 486 S.W.2d 334. Furthermore, the objections were too general to show error.

Appellant's first and second grounds of error are overruled.

In his fourth ground of error appellant complains the State committed material error resulting in serious harm and prejudice when it continually referred to the prior trial of Algie Robinson, appellant's passenger at the time of his arrest. The result of the trial was not mentioned.

Before the trial appellant had filed a motion in limine to keep the State from referring to the trial of Algie Robinson and the motion was granted by the court. The State, despite the motion, referred to the prior trial on three separate occasions. On each occasion the court sustained appellant's objection and instructed the jury to disregard, but refused to grant appellant's motion for a mistrial.

 This Court will not reverse a conviction solely because an improper question was propounded. To cause reversal the question must be obviously harmful. Hartman v. State, Tex.Cr.App., 507 S.W. 2d 553; Mistrot v. State, Tex.Cr.App., 471 S.W.2d 831 (1971); Sensabaugh v. State, Tex.Cr.App., 426 S.W.2d 224 (1968). An error in asking an improper question may be generally cured or rendered harmless by a withdrawal of such testimony and an instruction to disregard the same except in extreme cases where it appears that the question is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the opinion produced on their minds. Mistrot v. State, *supra*; White v. State, Tex.Cr.App., 444 S.W.2d 921 (1969).

While the questioning in the present case was clearly improper and in violation of the court's order, in view of the court's ruling and its instructions to the jury, we find no reversible error.

Appellant's fourth ground of error is overruled.

■ Appellant in his fifth ground of error again complains of improper questioning on the part of the State. While cross-examining the appellant the State asked the following two questions:

"Have you heard of double jeopardy?"

\* \* \* \* \* \*

"Well, you understand if this jury finds you not guilty of burglary, then we can't come back and try you . . ."

The court sustained appellant's objections in both instances and instructed the jury to disregard with respect to the first question. Appellant did not request an instruction from the court when his objection was sustained concerning the second question. The State further asked appellant, without objection, "We should have charged you with receiving and concealing?", to which the appellant replied that he should not have been charged with anything.

The State's cross-examination was improper and cannot be condoned by this Court. However, in light of the trial court's action, the error was rendered harmless. Hartman, *supra*; Mistrot, *supra*; White, *supra*.

Appellant's fifth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

ODOM, Judge (concurring in part and dissenting in part).

I concur in the results reached by the majority and agree that no reversible error is shown. I must, however, take issue with one of the alternative reasons given for disposing of appellant's first two grounds of error.

The majority hold that since appellant testified on direct examination that he explained his possession of the spreads to the officer at the time he was apprehended, and that the officer was not satisfied with his explanation, he could not complain that on cross-examination he was required to go into the contents of the conversation, citing Hayles v. State, Tex.Cr.App., 507 S.W.2d 213 and Moulton v. State, Tex.Cr.App., 486 S.W.2d 334. The rule relied on in those cases, however, was fully discussed in Nicholas v. State, Tex.Cr.App., 502 S.W.2d 169, 173 (opinion on motion for rehearing), and is not applicable here. The rule is that when other evidence of substantially the same facts is in the record without objection, erroneous admission over objection is rendered harmless. Obviously, evidence that there was a conversation is not of substantially the same facts as the contents of the conversation. I therefore dissent from the majority's reliance upon this rule.

The majority's alternative ground, however, is sufficient. Appellant's objection was too general to preserve error, so nothing is presented for review.

Accordingly, I concur in the results reached by the majority.

ONION, P. J., joins in this opinion.

ROBERTS, Judge (dissenting).

I dissent. The majority uphold the sufficiency of the evidence to support this conviction, despite the testimony of the "victim" who could not even establish that the bedspreads were, in fact, stolen.

It is well-recognized that when possession of recently stolen property is relied upon for conviction, it must be established that the property possessed by the accused is the identical property taken from the burglarized place. See Nelson v. State, 505 S.W.2d 271 (Tex.Cr.App.1974) at footnote #1; and Reyes v. State, 468 S.W.2d 64 (Tex.Cr.App.1971) and cases there cited. It is not a sufficient identification to show only that the goods are of the same brand as those which were stolen. See Nichols v. State, 479 S.W.2d 277 (Tex.Cr.App.1972) and cases there cited.

In the instant case, the witness Lane could do no more than state that these bedspreads were of the same brand as those in the warehouse. He was unable to state that the articles were taken on the occasion alleged (see Reyes v. State, supra), the number of spreads, if any, taken, and was unable even to state that these items were stolen.

There is a total absence of evidence that the bedspreads found in appellant's possession were the same as those identified by the witness Lane (see Nichols v. State, supra), and, even assuming that the bedspreads identified by Lane were those taken from appellant, there is no showing that they were the same spreads allegedly taken from the warehouse.

Based on the holdings of the above-cited cases, one can only conclude that the evidence was insufficient to support this conviction. For the reasons stated, I dissent.