**Juan Molina BAZAN et al., Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49829.**

Court of Criminal Appeals of Texas.

April 30, 1975.

J. A. Canales, Corpus Christi, for Bazan.

Vernon N. Reaser, Jr., Victoria, for Castaneda.

Moises V. Vela, Harlingen, for Rodriguez.

Robert J. Seerden, Dist. Atty., and Norman D. Jones, Asst. Dist. Atty., Victoria, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

The appellants were convicted in a trial before the court of unlawful possession of marihuana in excess of four ounces. The punishment assessed against the appellant Bazan was five years, and against the other two appellants nine years.

The sole ground of error asserted by the appellants is that the court erred in not sustaining their motions to suppress the marihuana because the same was seized as the result of a warrantless search not based upon probable cause.

On October 4, 1973, at approximately 1:30 A.M., Officer Bellis of the Victoria Police Department received a long distance call from Federal Agent Dracoulis who advised Bellis that five suitcases and a footlocker containing marihuana would arrive in Victoria about 3:20 A.M. that morning aboard a Continental Trailways bus, that the Samsonite suitcases would be three yellow ones, one green and the fifth one either tan or white. *He did not tell Bellis how he had obtained this information and Bellis did not inquire.* Bellis and Officers Mayo and Ramirez of the Victoria Police Department were waiting at the bus station when the bus arrived. The driver opened the cargo compartment and removed five Samsonite suitcases and a footlocker which were then picked up by appellants. At this point the three officers who were standing a few feet away stepped forward, arrested appellants and seized the luggage. When the luggage was opened the officers ob-

served packages of marihuana totaling 172.2 pounds. Officer Bellis stated that as the cargo compartment of the bus was opened he detected an odor of marihuana coming from that general area. Neither of the other officers testified as to any marihuana odor, and none of the officers testified that they smelled any marihuana odor emanating from any of the pieces of luggage which were subsequently seized. Federal Agent Dracoulis did not testify, and the arresting officers had no information concerning the number, sex, race or description of the people who would receive the described luggage upon its arrival in Victoria.

Appellee suggests that this search is valid because it is so similar to the situation in Muggley v. State, Tex.Cr.App., 473 S. W.2d 470. In Muggley, supra, Officer Archer stopped a car as the result of a radio dispatch. Officer Trevino, who had caused the message to be dispatched, arrived on the scene within a few moments after Officer Archer had stopped the car. Trevino had received detailed information from a reliable informer who had furnished accurate information leading to the discovery of marihuana on two prior occasions. In addition, Trevino, through surveillance, had verified a great deal of the information supplied by the informer. Also, as Trevino approached the automobile being detained by Archer, he smelled the odor of marihuana smoke coming from the car. The subsequent search of the car and its occupants by Trevino yielded a large quantity of marihuana. Trevino testified at the trial. Muggley, supra, holds that although Archer had no probable cause to arrest, he was entitled to act upon the basis of the radio broadcast, and, if the officer originating the broadcast had probable cause, the arrest would be constitutionally permissible. See also, Colston v. State, 511 S.W.2d 10 (Tex.Cr.App.1974).

In this case the federal officer requesting the arrest did not testify and there was no proof that he had probable cause to request the seizure of the luggage.

The State suggests that Muggley, supra, should apply because Trevino in that case smelled marihuana smoke coming from the car, and in this case one of three officers present testified that he detected an odor of marihuana coming from the open door of the baggage compartment of the bus. However, as stated previously, no one testified to detecting the odor of marihuana coming from any of the luggage. Under these circumstances, it is just as logical to assume that this bus which had come from the Mexican border contained in its baggage compartment a more odiferous supply of marihuana belonging to someone other than appellants. We hold that the above circumstances are insufficient, standing alone, to supply the Victoria officers with probable cause to seize and search the luggage of appellants. The motion to suppress should have been granted.

The judgments are reversed and the cause remanded.

Opinion approved by the Court.