**Larry Keith CARMICHAEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Kathy Jean CARMICHAEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 59321, 59322.**

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 12, 1980.

Rehearing Denied Jan. 14, 1981.

Bob Tarrant, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus, Wendy Akins, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ODOM and DALLY, JJ.

## OPINION

ODOM, Judge.

These are appeals from convictions for the possession of marihuana. Appellant Larry Keith Carmichael was sentenced to five years confinement. Appellant Kathy Jean Carmichael was assessed eight years, probated.

The appellants assert that the trial court erred in admitting a quantity of marihuana seized pursuant to a search warrant dated March 17, 1977. They maintain that the affidavit supporting the warrant was insufficient under *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and that the resulting search was therefore illegal.

The pertinent parts of the affidavit are as follows:

"My belief of the foregoing is based on the following facts:

"(1) That over the past thirty (30) days this house has been under the surveillance of myself and Detective R. D. Warstler who is employed by the Bellaire Police Department. That myself and Detective Warstler have over this period of time observed many persons enter and leave the premises during all hours of the day and night. That these persons have entered this residence and only stayed for a short period of time and then left.

"(2) That during the past thirty (30) days a credible and reliable and trustworthy person whose identity I do not desire to reveal for security reasons, has told me on four (4) separate occasions that marijuana could be obtained along with other drugs from Larry K. and Cathy Carmichael. On these four (4) separate occasions this credible and reliable and trustworthy person presented to this Officer

home rolled cigarettes with green plant substance which substance is known to this Officer to be marijuana. That I have used this person before as an informant. I have always found in the past that the information has been reliable and prior arrests have been made due to the information that this informant has passed on to this Officer. This informant has had previous experience with marijuana and knows for a fact that the green plant substance that she has observed is marijuana. (3) And that this confidential informant came to the Bellaire Police Department on the 16th day of March, A. D., 1977, and in the presence of myself and Detective R. D. Warstler stated that the officers would find a green plant substance, namely: marijuana, located inside the residence of 5552 Little Lake Street in the following described rooms and recepticles, to–wit: In an oblong room south of the living room whose entrance is on the west end of the room toward Little Lake Street. Inside the entrance door to this room and left (north) of the door along the west wall is a walk in closet of which the doors are recessed. The actors, Larry K. and Cathy Carmichael keep the marijuana in this recessed area of the closet."

For the issuance of a valid search warrant, the affidavit requesting the warrant must inform the magistrate of some of the underlying circumstances from which the informant concluded that the narcotics were where the informant claimed they were; and some of the underlying circumstances from which the affiant concluded that the informant was credible or reliable. *Aguilar v. Texas*, 378 U.S. 108, 114–15, 84 S.Ct. 1509, 1513–14, 12 L.Ed.2d 723 (1964); *Evans v. State*, Tex.Cr.App. 530 S.W.2d 932, 937; *Frazier v. State*, Tex.Cr.App., 480 S.W.2d 375, 378.

■ Where, as here, an unnamed informant has supplied the affiant with the information contained in the affidavit, and it also appears that the unnamed informant has given the affiant information in the past, *Aguilar's* second prong requires that the information contained in the affidavit be coupled with indicia of trustworthiness. *Gonzales v. State*, 577 S.W.2d 226, 230; *Avery v. State*, Tex.Cr.App., 545 S.W.2d 803, 805.

The affidavit in question satisfies the second prong of *Aguilar*: it recites that the informant had given information in the past and that the prior information "has been reliable and prior arrests have been made due to the information that this informant has passed on to this Officer." See *Gonzales v. State*, supra; *Avery v. State*, supra.

■ Satisfying the first prong of *Aguilar* in the instant case, however, is another matter. The appellants essentially contend that the absence of statements detailing the manner in which information was gathered invalidates the affidavit. Such a contention cannot be sustained if the affidavit contains other allegations which corroborate the information contained in the report. *Spinelli v. United States*, 393 U.S. 410, 416, 89 S.Ct. 584, 589, 21 L.Ed.2d 637 (1969); *Doescher v. State*, 578 S.W.2d 385, 392; *Wood v. State*, Tex.Cr.App., 573 S.W.2d 207, 214.

An examination of the affidavit in question reveals no such corroboration. The only statement which attempts to corroborate the informant's tip states that the police officer "observed many persons enter and leave the premises during all hours of the day and night. That these persons have entered this residence and only stayed for a short period of time and then left." Such an allegation, standing alone, is insufficient corroboration necessary here to satisfy *Aguilar*. See, *Polanco v. State*, Tex.Cr. App., 475 S.W.2d 763, 767.

The affidavit is not saved, as the State contends, because "the informant explained to the affiant where the contraband should be found inside the house with the highest degree of explicitness." Such detailed information must be competently corroborated when the affidavit does not inform the magistrate of the underlying circum-

stances[1] under which the informer concluded that the contraband was properly where it was alleged to be. See *Rivas v. State*, Tex.Cr.App., 506 S.W.2d 233, 236.

Therefore, since the affidavit is wholly devoid of any statement as to the underlying circumstances justifying the informant's conclusion that contraband was located where it was alleged to be; and since there is no competent corroboration of the informant's allegations, the affidavit fails under the first prong of *Aguilar*. It was therefore error for the trial court to allow introduction of the marihuana seized under the warrant in question.

The judgments are reversed and the causes remanded.

DOUGLAS, J., dissents.

---

1. This is usually established by alleging that the informant had observed the contraband. See e. g., *Collins v. State*, Tex.Cr.App., 502 S.W.2d 743, 745; *Hilson v. State*, Tex.Cr.App., 475 S.W.2d 788, 790; *Walker v. State*, Tex.Cr. App., 473 S.W.2d 508, 509, 511. The affidavit in question merely concludes that "marijuana could be obtained" from the appellants and states that the informer gave the officer a gift of four marihuana cigarettes.