Earlene Scott PHELPS, Appellant,

v.

The STATE of Texas, Appellee.

No. 67930.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 30, 1981.

Rehearing Denied Dec. 9, 1981.

Robert C. Hunt and Donna C. Pendergast, Houston, for appellant.

Jim Mapel, Dist. Atty. and A. B. Crowther, Jr., Asst. Dist. Atty., Angleton, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, CLINTON and TEAGUE, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for possession of over four ounces of marihuana. Punishment was assessed at ten years and she was placed on probation for seven years.

■ Appellant first contends that the trial court erred in failing to suppress evidence seized as a result of an illegal search and seizure. Appellant argues that the affidavit presented to the magistrate requesting the issuance of the search warrant was insufficient under *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. Specifically, it is argued that the following language is insufficient to establish the credibility of the unnamed informant:

"Affiant believes that said informant is credible and his information reliable because informant has furnished information to affiant concerning drug trafficking in Brazoria County, Texas on two previous occasions and on each occasion said information proved to be reliable and correct."

This allegation was sufficient to establish the credibility of the unnamed informant; *Aguilar's* second prong was satisfied. See *Gonzales v. State*, 577 S.W.2d 226, 230 (Tex. Cr.App.); see also *Carmichael v. State*, 607 S.W.2d 536, 538 (Tex.Cr.App.).

■ Next appellant contends that the court erred in failing to quash the instant indictment. The indictment alleged that the appellant "did then and there intentionally and knowingly possess a usable quantity of marijuana of more than four ounces." It is argued that this was insufficient to put appellant on notice of what type of possession that the State was relying on to prove the offense.

*Thomas v. State*, 621 S.W.2d 158 (1981), controls the disposition of the instant ground of error. The term "possession" is statutorily defined as "actual care, custody, control or management." V.A.C.S. Art. 4476–15, Sec. 1.02(23); see also V.T.C.A., Penal Code Sec. 1.07(a)(28). This term describes a relationship to property; hence, under *Thomas*, since the term *"does not go to an act or omission of the defendant,"* appellant was not entitled to a more precise definition of the term "possession." See *Thomas v. State*, supra at 164.[1]

Accordingly, appellant's grounds of error are overruled and the judgment is affirmed.

TEAGUE, Judge, dissenting.

I, too, dissented in *Thomas v. State*, 621 S.W.2d 158 (No. 59,974, July 1, 1981, opinion on State's motion for rehearing).

---

**1.** Members of this panel dissented in *Thomas v. State*, supra, but we are bound by that decision. The dissent takes the position that possession is an act. V.T.C.A., Penal Code Sec. 1.07(a)(1) defines act as a bodily movement. Sec. 1.07(a)(23), defines omission as a failure to act. Possession, on the other hand, is defined in Sec. 1.07(a)(28) as actual care, custody, control, or management. Possession is not an act, nor is it an omission, but is defined as something distinct from both act and omission.

A close reading of *Thomas* shows that it should be used to reverse, *not* affirm this cause, for there Judge McCormick, in his majority opinion, emphasized the fact that "the term 'owner' does *not* go to an *act or omission* of the defendant."

Here, one should not question the fact that the term "possession" *does go to the act of the defendant in possessing the marihuana.* The information sought by appellant was the legal theory of just which kind of possession was going to be established by the State's proof. In sum, as Judge Clinton pointed out in *Ferguson v. State,* 622 S.W.2d 846 (1980), this indictment was subject to a motion to quash as it does *not* show on its face facts necessary to give appellant precise notice of the nature of the accusation against him, as required by Art. I, Sec. 10 of the Texas Constitution.

The appellant's contention that the trial court erred by not granting his motion to quash the indictment should be sustained and this cause should be reversed and the indictment ordered dismissed.