Patricia Ann WELLS and Russell Wallace Wells, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 05–82–00239–CR, 05–82–00240–CR.

Court of Appeals of Texas, Dallas.

May 20, 1983.

Douglas H. Parks, Dallas, for appellants.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Asst. Dist. Atty., for appellee.

Before STEPHENS, SPARLING and VANCE, JJ.

VANCE, Justice.

This is an appeal from a bench trial conviction for felony possession of marijuana. Appellants pleaded nolo contendere and were assessed punishment of five years confinement in the Texas Department of Corrections probated for five years. In their sole ground of error appellants claim that the trial court erred in overruling their motion to suppress evidence asserted to have been seized pursuant to an illegal and unconstitutional search. We disagree and affirm.

Appellants argue that the affidavit used to issue the search warrant was insufficient to allow an independent magistrate to ascertain the existence of probable cause. The sworn affidavit was based on information given to a police officer by a confidential informant. It reads in part:

5. AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS: The Affiant, a police officer for the City of Addison, Dallas County, Texas, has received information from a person he knows to be reliable and credible. The confidential informant has been in the above described residence within the past twenty-four (24) hours and has seen a usable quantity of marijuana secreted on the premises at 318 Dewitt Street, City of Wilmer, Dallas County, Texas. The confidential informant went on to advise the Affiant that he has seen a usable amount of marijuana secreted in a bed room dresser as well as throughout the aforementioned residence. The confidential informant knows what marijuana looks like, smells like and has been on the premises described above when the white male, going by the name of Russell, has sold marijuana to other person or persons. The Affiant has known the confidential informant for at least one (1) year during which time the informant has given information to the Affiant that has led to the arrest and conviction of persons trafficing in narcotics.

The validity of a supporting affidavit based on information given by a con-

fidential informant is tested by using the two-prong test set out by the Supreme Court in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). We look only to the four corners of the affidavit to determine whether it is sufficient to meet the *Aguilar* test. *Adair v. State,* 482 S.W.2d 247, 249 (Tex.Cr.App.1972).

The first prong of this test, that sufficient facts show some of the underlying circumstances from which the informant drew his conclusions has not been attacked. Appellants argue that the second prong of the test, that sufficient facts show that the affiant had a reason for believing that the informant was reliable or the information credible, has not been satisfied. Appellants contend that the affidavit must allege the *truthfulness* and *correctness* of the prior information received from the informant.

As we understand appellants' argument they would have us hold this affidavit insufficient because the last sentence of the above quoted portion, which reads "... the informant has given information to the Affiant that has led to arrest and conviction of persons trafficing (sic) in narcotics," should read "the informant has given prior information to the Affiant that has been *true* and *correct.*" This we will not do. The purpose of the *Aguilar* test is to insure that the magistrate has before him sufficient facts to make a determination that probable cause exists to issue a search warrant. It does not require that specific words be used. *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). The basic requirement of the second prong of the test is that "the information contained in the affidavit be coupled with indicia of trustworthiness". *Carmichael v. State,* 607 S.W.2d 536, 538 (Tex.Cr.App.1980). The recital in this affidavit that prior information has led to arrest and conviction of persons trafficking in narcotics and that he knows the person to be reliable and credible satisfies this requirement. We interpret this affidavit in a common sense and realistic fashion to mean that the prior information was true and correct, thus staying within constitutionally proscribed boundaries. *Bridger v. State,* 503 S.W.2d 801, 803 (Tex.Cr.App.1974).

Affirmed.