IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-009-CR




TROY EAGEN ALLEN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-90-229, HONORABLE CHARLES R. RAMSAY, JUDGE


 





PER CURIAM

 A jury found appellant guilty of possessing more than fifty but less than two
hundred pounds of marihuana. Tex. Health & Safety Code Ann. § 481.121 (Pamph. 1991). The
jury assessed punishment, enhanced by previous felony convictions, at imprisonment for seventy-five years.

 Appellant brings forward three points of error, one of which challenges the legal
sufficiency of the evidence. We find the points of error to be without merit.

 On May 1, 1990, Hays County deputy sheriffs Jesus Hernandez and Norman de
la rosa were working undercover, posing as drug dealers. On that day, they met appellant's
uncle, Charlie Allen. Allen indicated that he was acting on behalf of persons from Houston who
were interested in purchasing a large quantity of marihuana. The officers told Allen that they had
two hundred pounds for sale, and showed him a bale of marihuana in the trunk of their car. 
Appellant drove Allen to this meeting and was present during the discussion, but he did not take
part in it. 

 A second meeting took place on May 10. As before, Allen arrived in a car driven
by appellant. They were joined by two other men, Alonzo Adair and Arthur Williams. Appellant
was present as the men negotiated the purchase of approximately one hundred pounds of
marihuana from the officers. The transaction took place later that day at a ranch near Wimberley. 
Appellant drove Allen to the ranch, while Adair and Williams arrived in a truck. The exchange
of money for marihuana took place inside a barn. Appellant did not go inside the barn, but helped
Adair and Williams arrange the bales of marihuana in the truck.

 Appellant argues that the State failed to prove that he exercised care, custody, or
control of the marihuana. Such proof was not necessary, however, because the jury was
instructed on the law of parties. Tex. Penal Code Ann. § 7.02 (1974). We find the evidence
sufficient to prove that appellant, with the requisite intent, aided the commission of the offense
by Allen, Adair, or Williams. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614
S.W.2d 155 (Tex. Crim. App. 1981).

 In another point of error, appellant contends the district court erred by overruling
his motion to quash the indictment on the ground that it failed to define "possession." Because
possession is not an act or omission, a more precise definition was not required. Phelps v. State,
623 S.W.2d 936 (Tex. Crim. App. 1981). The point of error is overruled.

 Finally, appellant argues that his conviction should be reversed because the deputy
sheriffs had no legal authority to sell marihuana. Appellant asserts that "[b]y selling drugs, they
not only break the law themselves, but they also promote criminal activity by causing otherwise
innocent people to purchase drugs."

 Appellant cites no authority in support of his assertion that the acts of the deputies
in this cause were unlawful. It is a matter of common knowledge that police officers routinely
engage in undercover activities in order to enforce the drug laws. The Controlled Substances Act
does not impose a liability on an authorized state, county, or municipal officer engaged in the
lawful performance of the officer's duties. Tex. Health & Safety Code Ann. § 481.184(c)
(Pamph. 1991). Appellant did not request a charge on entrapment. Tex. Penal Code Ann. § 8.06
(1974). The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: November 13, 1991

[Do Not Publish]